UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CURTIS LAMAR SWEET, et al.,

    Plaintiffs,

v.                                        CASE NO. 8:15-cv-2849-T-23TBM

ISS FACILITY SERVICES, INC.,

    Defendant.
_____/

**ORDER**

    Curtis Lamar Sweet and Brice Griffin sue (Doc. 11) ISS Facility Services, Inc., and argue that ISS Facility denied employment to each plaintiff based on a consumer report obtained in violation of the Fair Credit Reporting Act. ISS Facility moves (Doc. 16) to compel arbitration of Sweet's claims. The parties agree (Doc. 16 at 2; Doc. 23 at 3) that Sweet signed both a "mutual agreement to arbitrate claims" (Doc. 16-1 at 5) and an "agreement for the resolution of disputes" (Doc. 16-1 at 9). Highlighting that each agreement characterizes Sweet as an "employee" and ISS Facility as an "employer," Sweet argues that each agreement is ineffective because ISS Facility never hired Sweet.

"[C]ourts presume that the parties intend courts, not arbitrators, to decide what we have called disputes about 'arbitrability,'" such as "whether the parties are bound by a given arbitration clause." *BG Grp., PLC v. Republic of Argentina*, 134 S. Ct. 1198, 1206 (2014). However, an arbitrator must determine "arbitrability" if the movant presents "'clear and unmistakable evidence' that the parties intended the arbitrator to rule on the validity of the arbitration agreement itself.'" *Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1331 (11th Cir. 2005) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). For example, *Terminix Int'l*, 432 F.3d at 1332, holds that, because an arbitration agreement adopted the Commercial Arbitration Rules of the American Arbitration Association and because the rules grant an arbitrator "the power to rule on his or her own jurisdiction," the parties intended for an "arbitrator to rule on the validity of the arbitration agreement." *Accord U.S. Nutraceuticals, LLC v. Cyanotech Corp.*, 769 F.3d 1308, 1311 (11th Cir. 2014). Likewise, Sweet and ISS Facility's "mutual agreement to arbitrate claims" states:

> The Arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement.

The sentence "clearly and unmistakably" evinces the intent of the parties to require an arbitrator to determine "the validity of the arbitration agreement." *See Terminix*, 432 F.3d at 1331.

- 2 -

Section 3 of the Federal Arbitration Act states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

Because Sweet's claims are "referable to arbitration," ISS Facility's motion (Doc. 16) to compel arbitration is **GRANTED**, and this action is **STAYED** pending completion of Sweet's arbitration. The clerk is directed to administratively close the case. Within a week after the day Sweet and ISS Facility receive the arbitral decision, Sweet must move to re-open the case and to lift the stay. The motion (Doc. 15) for class certification is **DENIED WITHOUT PREJUDICE**.

ORDERED in Tampa, Florida, on June 23, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE